Stuart Price, Esq. (SBN: 150439)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: 818-907-2030
F: 818-205-3730
E: stuart@pricelawgroup.com
*Attorneys for Plaintiffs,*
*Adam Parsa and Maryam Sheikhlary*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

ADAM PARSA AND MARYAM SHEIKHLARY

Plaintiff,

vs.

CREDIT ONE BANK and EQUIFAX INFORMATION SERVICES, LLC.

Defendants.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF:**

1. FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.]
2. CAL. CIV. CODE § 1788 et seq.

(Unlawful Debt Collection Practices)

## INTRODUCTION

1. ADAM PARSA and MARYAM SHEIKHLARY (collectively "Plaintiffs") bring this action to secure redress from Credit One Bank and Equifax Information Services, LLC., (collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq., for their illegal reporting on Plaintiff's credit reports and unfair debt collection acts.

//
//

## PARTIES

2. Plaintiff Adam Parsa is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in: Los Angeles County, California.

3. Plaintiff Maryam Sheikhlary is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in: Los Angeles County, California.

4. Defendant Credit One Bank is a credit card provider with its principal place of business located at 585 Pilot Rd., Las Vegas, Nevada 89119.

5. Defendant Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f)). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309.

6. On information and belief, Equifax disburses the *consumer reports* to third parties under contract for monetary compensation.

7. At all relevant times, Defendants' acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

8. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. 1681.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendant transacts business in this district, as such personal jurisdiction is established.

## FACTUAL ALLEGATIONS

10. On or about December 15, 2016, Plaintiffs' jointly filed for Chapter 7 bankruptcy.

11. Included in Plaintiffs' bankruptcy was their accounts with Credit One Bank.

12. On or about March 20, 2017 Plaintiffs' bankruptcy was discharged.

13. Defendant Credit One Bank knew or should have known about Plaintiffs' bankruptcy.

14. On or about May 8, 2017, Plaintiff Adam Parsa pulled his credit report.

15. Equifax was reporting Mr. Parsa's Credit One Bank account as closed with a $778 balance and a late payment status.

16. On or about May 8, 2017, Plaintiff Maryam Parsa pulled her credit report.

17. Equifax was reporting Mrs. Parsa's Credit One Bank account as closed with a $0 balance and a late payment status.

18. Credit One and Equifax were reporting differently for Adam and Maryam for the same account.

19. On or about May 17, 2017, Plaintiff Adam Parsa sent a dispute letter to Defendant Equifax.

20. The dispute letter stated that the Credit One Bank accounts # 444796xxxxxxxx should not be reporting a balance because the accounts were included in Plaintiffs' bankruptcy that was discharged on March 20, 2017.

21. Equifax responded to Mr. Parsa on June 10, 2017 stating that it requested that the reporting company (Defendant Credit One Bank) verify the accuracy of the information Mr. Parsa disputed.

22. The June 10, 2017 response from Equifax showed that one of Plaintiff's Credit One Bank accounts was reporting as included in bankruptcy while the other Credit One Bank account failed to update that the account had been discharged in bankruptcy and continued to show a balance owed, past due amount and over 120 past due.

23. Plaintiff pulled his credit report again on July 24, 2017.

24. This time Equifax reported Plaintiff's Credit One Bank account as bad debt that was "placed for collection & skip," with a balance and past due amount of $878.00.

25. Defendant Equifax reported Plaintiff's other Credit One Bank account accurately; Included in bankruptcy.

26. Defendant Credit One Bank has continued its attempts to collect on a debt that has been discharged in a bankruptcy by sending repeated collection letters over many months.

27. For example, Credit One sent Plaintiff Maryam a collection letter on May 2, 2017 indicating a balance of $778.65; another on June 13, 2017 indicating a balance of $828.39; and another on June 27, 2017 indicating a balance of $863.39.

28. Defendant Credit One Bank sent Plaintiff Adam a collection letter on May 1, 2017 indicating a balance of $931.98; another on May 24, 2017 indicating a balance of $966.98; another on June 21, 2017 indicating a balance of $984.51; another on June 24, 2017 indicating a balance of $1,019.51; and another on June 28, 2017 indicating a balance of $1,037.76.

29. Defendant Credit One Bank was falsely representing the amount and legal status of the debt while also causing Plaintiffs emotional distress by harassing Plaintiffs with repeated collection letters (often days apart).

30. Defendant Credit One Bank continues to report inaccurate information to Defendant Equifax.

31. The inaccurate credit reporting by the Defendants has misled prospective lenders to believe that there is a collectable balance owed.

32. The inaccurate reporting on Plaintiff's credit report has caused Plaintiff emotional distress and mental anguish who sought to obtain relief from their debts by filing Chapter 7 bankruptcy.

**COUNT I – FIRST CLAIM OF RELIEF**
**ALL DEFENDANTS**
**Violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et. seq.***

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The FCRA requires a furnisher such as Credit One Bank, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

35. Since March 2017 and until the present, Defendant Credit One Bank has provided inaccurate information to Defendant Equifax.

36. During that time, Mr. Parsa notified Defendant Equifax that the reported account balance/status was incorrect and that the account was supposed to be included in bankruptcy. Thereafter, Defendant Equifax notified Defendant Credit One Bank that Mr. Parsa was disputing the information it had furnished to the credit reporting agency.

37. Defendant Credit One Bank is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violations 15 U.S.C. § 1681s-2(b):

(a) Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) Willfully and negligently failing to review all relevant information concerning Plaintiff mortgage;

(c) Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and

all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

(g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

38. Defendant Credit One Bank's is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n.

39. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumers dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

40. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute

to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

41. The Defendant Equifax failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

42. The Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.

43. The Defendant Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

44. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff Mr. Parsa has sustained damages.

45. The Defendant Equifax violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

**COUNT II – SECOND CLAIM OF RELIEF**
**Defendant Credit One Bank**
**Violations of the Rosenthal Fair Debt Collections Practices Act (RFDCPA), CAL. CIV. CODE § 1788 et. *seq.***

46. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint.

47. Defendant Credit One Bank knew or should have known of Plaintiffs' bankruptcy discharge because of the dispute notice they received from Defendant Equifax.

48. Defendant Credit One Bank continued to send credit card statements indicating past due balances and in doing so falsely represented the legal status and character of the alleged debt.

49. As a result of the above described actions, Defendant is in violation of Cal. Civ. Code § 1788.17.

(a) § 1788.17 states that debt collectors are subject to 15 U.S.C. § 1692e(2)(A), which states that "the false representation of the character, amount, or legal status of any debt is a violation 15 U.S.C. § 1692e(2)(A)."

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1788.30(a);

B. Statutory damages pursuant to 15 U.S.C. § 1681 n(a) and Cal. Civ. Code § 1788.30(b);

C. Punitive Damages pursuant to 15 U.S.C. §1681n(a)(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b) and Cal. Civ. Code § 1788.30(c);

E. Any pre-judgment and post judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand a trial by jury in this action.

Respectfully Submitted,

**PRICE LAW GROUP, APC**

Dated: July 28, 2017

By:/s/_*Stuart Price*________

Stuart Price, Esq.
15760 Ventura Boulevard, Suite 800
Encino, CA 91426
T: 818-907-2133
E: stuart@pricelawgroup.com
*Attorneys for Plaintiffs,*
*Adam Parsa and Maryam Sheikhlary*